RECEIVED

JAN 3 0 2003

U S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED

JAN 3 0 2003

U. S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADA M. ANDERSON, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 02-12-C-M1 |
| | * | |
| DOW CHEMICAL COMPANY | * | JUDGE TYSON |
| | * | |
| | * | MAGISTRATE RIEDLINGER |

*************************************************************************

## SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT**, through undersigned counsel comes Complainants, Ada M. Anderson, *et al.* who respectfully represent the following:

I.

Complainants re-aver and re-allege all allegations in their original Complaint and First Supplemental and Amending Complaint as if plead herein in *extenso*.

II.

Complainants amend their original Complaint by adding Subparagraphs 270-286 to Paragraph II of the original Complaint to read as follows:

270. Fellonease Woods is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

271. Clarence Stewart is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

272. Joseph Mumphrey is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

273. Evelyn Garner is an individual of the full age of majority who asserts claims herein both

-1-



| INITIALS | DOCKET# |
|---|---|
| MH | 73 |

individually and on behalf of her minor child, Justin Garner, who accompanied her in visiting residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

274. Jantzen Garner is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

275. Gloria Washington is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

276. Kenneth Sims is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

277. Jeanotic Green is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

278. Keenan Green is an individual of the full age of majority who asserts claims herein both individually and on behalf of his minor child, Kyrstian Green, who accompanied her in visiting residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

279. Keisha Green is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

280. Corey Landry is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

281. Kardell Gales is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

282. Darla Brown is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

283. Sheena Cain is an individual of the full age of majority who asserts claims herein both

-2-

individually and on behalf of her minor child, Brian McClay, who accompanied her in visiting residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

284. Russell Thomas is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

285. Russell Thomas, Jr. is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

286. Nykholas Thomas is an individual of the full age of majority who visited residence(s) in the Myrtle Grove trailer park prior to and/or during 2001.

III.

Complainants further amend by adding the names of each of the individuals and minors listed above in Paragraph II to the lawsuit caption.

IV.

Complainants aver that their claims herein are timely filed as the running of prescription as to their claims asserted herein were interrupted and/or suspended by the filing of a class action on behalf of a putative class of individuals which include the Complainants named herein.

V.

Except as amended herein, Complainants allegations remained unchanged.

WHEREFORE, Complainants pray that Defendant be cited to answer same within the time allowed by law, and that after due proceedings, there be judgment entered herein in favor of Complainants and against Defendants finding Dow liable and awarding Complainants damages for: (1) Compensation for annoyance, discomfort, and inconvenience occasioned by Defendants' created nuisance; (2) Compensation for Complainants' fear and emotional distress associated with

-3-

contraction of an illness and/or disease in the future as a result of ingesting and/or otherwise being exposed to toxic and/or hazardous chemicals and associated consortium damages suffered by other named Complainants; (3) Payment of all costs of this litigation, including legal interest thereon for any amount awarded from the date of judicial demand until paid including reasonable attorneys' fees; (4) Compensation, including mental and physical pain and suffering, for Defendants' causation and/or aggravation of many of the health conditions Complainants suffer from including, but limited to, various forms of cancer on behalf of both Complainants and their spouses, children and family members who are also named as Complainants; (5) Compensation for Defendants' causation and/or aggravation of many of the health conditions Plaintiffs suffer from including, but limited to, various forms of cancer, and related consortium damages sustained by affected family members; (6) Compensation for medical monitoring as allowed for by law; (7) injunctive relief as prayed for; (8) exemplary damages; (9) judicial interest from the date of judicial demand; and (10) any and all equitable relief or other relief established at trial on the merits or which may otherwise be available under law.

Respectfully Submitted:

STEPHEN B. MURRAY (#9858)
**DAMON A. KIRIN (#24729)**
MURRAY LAW FIRM
909 Poydras St., Suite 2550
New Orleans, Louisiana 70112-4000
Telephone: (504) 525-8100

-4-

YOLANDA BATISTE (#21312)
BATISTE & BATISTE
58310 Plaquemine Street
P.O. Box 598
Plaquemine, Louisiana 70764
Telephone: (225) 687-8056

WILLIAM W. GOODELL, JR. (#6129)
WILLIAM W. GOODELL, JR., P.L.C.
P. O. Box 52663
Lafayette, Louisiana 70505-6008
Telephone: (337) 593-1263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been mailed postage

prepaid to all counsel of record by depositing same in the United States Mail this 29th day of

_January_ , 2003.

-5-