U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED JAN 20 2004

U.S. DIST COURT
MIDDLE DIST. OF LA
2004 JAN 12 P 3: 47

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADA M. ANDERSON, ET AL. | : | CIVIL ACTION |
| | : | NO. 02-12-C-M1 |
| VERSUS | : | |
| | : | JUDGE TYSON |
| THE DOW CHEMICAL COMPANY | : | MAGISTRATE RIEDLINGER |
| | : | |

## FIRST SUPPLEMENTAL OPPOSITION TO
## PLAINTIFFS' MOTION TO PRESERVE EVIDENCE

NOW INTO COURT, through undersigned counsel, comes defendant, The Dow Chemical Company ("Dow"), who, for the reasons set forth herein, respectfully opposes Plaintiff's Motion to Preserve Evidence and moves this Court to deny Plaintiffs' motion for entry of an Order effectuating same.

On or about August 28, 2003, plaintiffs served upon Dow a Motion to Preserve Evidence and a Proposed Order to effectuate the relief sought. As written, plaintiffs' Motion and Proposed Order to Preserve Evidence, seeks the imposition of an overly broad and heavy-handed document preservation order, asking the Court to order the suspension of "all routine destruction of documents" by The Dow Chemical Company, without regard to whether the documents are at all related to the matters relevant to or discoverable in this litigation. With more than 50,000 employees and more than 300 locations worldwide, compliance with plaintiffs' proposed order would crash Dow's computer network within only a few days of institution of these measures. Suspension of all document retention at Dow, if it were even possible, would immediately disrupt the operation of Dow's business, in the name of preserving millions of documents of which only a miniscule fraction would be potentially responsive to discovery in this matter,

when there is clearly a more efficient and less burdensome manner in which to capture this information.

Upon receipt of plaintiffs' Motion to Preserve Evidence and Proposed Order, counsel for Dow contacted plaintiffs' counsel, William Goodell, to express concern with regard to the practicality and the technical feasibility of Dow's compliance with a Preservation of Evidence Order fashioned in the terms proposed by plaintiffs. With Mr. Goodell's assent, counsel for Dow, Mike Parker, informed the Court, by telephone message to the Magistrate, that the parties were working on a compromise position and would draft a jointly written order for preservation of evidence for the Court's consideration and entry. At plaintiffs' counsel's request, Dow drafted a proposed version of the order to preserve evidence and forwarded to plaintiffs.

On or about September 19, 2003, Dow filed its opposition to plaintiffs' motion to preserve evidence, stating that the parties were working to draft a jointly written order to preserve evidence. Thereafter, on or about September 29, 2003, the parties convened by telephone for a status conference with the Magistrate, at which time the proposed Order for Preservation of Evidence drafted by Dow and the issues relative to preservation of evidence were discussed at length. A copy of Dow's proposed Order is attached hereto as Exhibit "A." Though agreeing to the compromise order, at least in principal, during the status conference, plaintiffs have informed that the order to preserve evidence proposed by Dow is unacceptable and the parties are, at this time, unable to draft mutually agreeable terms.

Plaintiffs have now filed a Motion for Oral Argument on this issue and plaintiffs propose therein to make an unidentified "computer expert" available to the Court,

presumably to provide testimony about the feasibility of plaintiffs' proposed order to preserve evidence. Dow objects to plaintiffs' expert participating in oral argument on the Motion to Preserve Evidence. Rather, if the Court has questions or concerns about the technical or practical aspects of preservation of evidence, Dow asks that the Court set an evidentiary hearing on the Motion to Preserve Evidence to address these questions and concerns, at which time Dow may offer the testimony of its data management specialist(s), discovery management specialist(s) and its own computer systems expert.

WHEREFORE, The Dow Chemical Company respectfully requests that this Honorable Court deny Plaintiffs' Motion for Preservation of Evidence, for the reasons provided herein.

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.**

By _____
John Michael Parker, T.A. #10321
Anne J. Crochet #2010
David M. Bienvenu, Jr. #20700
Timothy J. Poche #21823
Michelle Marney Howard #26988
451 Florida Street, Suite 800
Post Office Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221
Telecopier (225) 346-8049

MARRIONEAUX AND MARIONNEAUX
F. Barry Marionneaux #09277
F. Charles Marionneaux #18320
23615 Railroad Avenue
Plaquemine, LA 70764
Telephone (225) 687-6884
Telecopier (225) 687-6886

*Attorneys for The Dow Chemical Company*

3

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was this day mailed, postage prepaid, to Mr. William Goodell, Jr., The Goodell Law Firm, Post Office Box 52663, Lafayette, Louisiana, 70505; Messrs. Stephen Murray and Damon A. Kirin, Murray Law Firm, 909 Poydras Street, Suite 2550, New Orleans, Louisiana, 70112-4000; and, Ms. Yolanda Batiste, Batiste & Batiste, Post Office Box 598, Plaquemine, Louisiana, 70764.

    Baton Rouge, Louisiana, this 12th day of January, 2004.

                                                                        John Michael Parker

243984v.1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ADA M. ANDERSON, ET AL. | : | CIVIL ACTION |
|---|---|---|
| VERSUS | : | NO. 02-12-C-M1 |
| THE DOW CHEMICAL COMPANY | : | JUDGE TYSON |
| | : | MAGISTRATE REIDLINGER |

## JOINT CONSENT ORDER FOR PRESERVATION OF EVIDENCE

NOW INTO COURT through undersigned counsel, come plaintiffs, Ada M. Anderson, et al. and defendant, The Dow Chemical Company ("Dow"), who respectfully seek entry of a Joint Consent Order for Preservation of Evidence, to address the retention and collection of documents and information that might otherwise be subject to routine destruction. The parties hereto agree to the following:

I.

IT IS HEREBY ORDERED that The Dow Chemical Company, and any of its subsidiaries and affiliates, take all necessary measures to preserve any and all documents currently in existence or created hereafter, whether found or maintained in hardcopy or electronic form, that pertain to the following:

1) Soil and Groundwater matters at the Plaquemine site, including but not limited to investigations, assessments, recovery, remediation, monitoring, and reporting

2) Spills, leaks, releases, and/or unauthorized discharges of chlorinated organic compounds with potential to impact soil or groundwater at or beyond the Plaquemine site, or, in the case of releases to air, with potential to impact air quality beyond Dow's fenceline boundaries at the Plaquemine site

1

3) Environmental audits or environmental assessments reflecting environmental conditions at any Dow facility in the United States, though Dow reiterates its objection to production of any such documents for facilities other than those plants and process units located at the Plaquemine site which use, store, or manufacture chlorinated organic compounds

4) Dow research, policy, position, guidance, and/or evaluation of fate and transport mechanisms of chlorinated organic compounds and their degradants in the subsurface

5) Dow research, policy, position, guidance, and/or evaluation of soil and groundwater remediation technologies for addressing chlorinated organic compounds and their degradants in the subsurface

6) Dow research, policy, position, guidance, and/or evaluation of the suitability of pits, surface impoundments, and/or unlined landfill units for land storage and/or disposal of chlorinated organic compounds

II.

IT IS FURTHER ORDERED that Dow suspend the routine destruction, as may be mandated by its record retention and management policy, of all documents, including email, for Dow employees identified herein who have a role in: a) formulating Dow's policy and practices for soil and groundwater protection, assessment, remediation, and monitoring at Dow facilities in Plaquemine, b) planning soil and groundwater protection, assessment, remediation, and monitoring at Dow facilities in Plaquemine, c) implementing soil and groundwater protection, assessment, remediation, and monitoring at Dow facilities in

2

Plaquemine, and/or d) overseeing soil and groundwater protection, assessment, remediation, and monitoring at Dow facilities in Plaquemine.

The following employees have been identified as having the above described roles and responsibilities:

1) Ivy Dupree
2) Lucius Boudreaux
3) David Graham
4) Richard Durham
5) Chuck Van Metre

III.

IT IS FURTHER ORDERED that Dow disseminate this Order as necessary to effectuate compliance with the terms herein, and in order to assure competent and consistent capture of electronic mail while avoiding unnecessary disruption of business functions, Dow shall electronically freeze and capture electronic mail sent to or received by the above listed Dow employees on a monthly basis, following signing of this Order.

IV.

IT IS FURTHER ORDERED that Dow shall take all necessary and appropriate measures to preserve the above described documents and information until further notice from the Court.

WHEREFORE, plaintiffs, Ada M. Anderson, et al., and defendant, The Dow Chemical Company, respectfully request that this Honorable Court enter a Joint Consent Order incorporating the terms agreed upon herein.

3

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS, LLP

---

John Michael Parker, T.A. No. 10321
Anne J. Crochet, No. 2010
David M. Bienvenu, No. 20700
Timothy J. Poche, No. 21823
Michelle Marney Howard, No. 26988
451 Florida, Suite 800
P.O. Box 2471
Baton Rouge, Louisiana 70821
Telephone (225) 387-3221
Facsimile (225) 346-8049

MARIONNEAUX AND MARIONNEAUX
F. Barry Marionneaux, No. 09277
F. Charles Marionneaux, No. 18320
23615 Railroad Avenue
Plaquemine, Louisiana 70764
Telephone (225) 687-6884
Facsimile (225) 687-6886
*Attorneys for The Dow Chemical Company*

GOODELL LAW FIRM

---

William W. Goodell, Jr.
P.O. Box 52663
Lafayette, LA 70505
Telephone (337) 593-1263
Facsimile (337) 593-1264
*Attorney for Plaintiffs*

4

TOTAL P.06