UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ADA M. ANDERSON, ET AL | : CIVIL ACTION |
| | : |
| | : NO. 02-12-C-M1 |
| | : |
| VERSUS | : |
| | : |
| THE DOW CHEMICAL COMPANY | : |

**MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS AND PRODUCTION OF
CLAIMS FORMS, OR ALTERNATIVELY, MOTION TO DISMISS
AND
REQUEST FOR EXPEDITED CONSIDERATION**

NOW INTO COURT, through undersigned counsel, comes The Dow Chemical Company (hereinafter Dow), who moves that plaintiffs be ordered to submit their discovery depositions as noticed by Dow and to produce complete proof of claim forms and records release forms as Dow has requested, or, alternatively, that their claims be dismissed, with prejudice, for the following reasons:

1.

In this matter, over 400 plaintiffs have filed suit against Dow seeking unspecified damages for personal injury, exemplary damages and property damage. The complaint makes serious allegations against Dow that has resulted in Dow incurring substantial costs in defense of the claims to date. The Court has set a discovery deadline of December 31, 2004.

2.

Dow has noticed the discovery depositions of approximately 60 of the plaintiffs beginning February 2, 2004, and lasting until March 2, 2004. By noticing these depositions

Dow is continuing with discovery in order to complete all fact discovery by the December 31, 2004, discovery deadline. The notice of depositions was issued after consultation with counsel for plaintiffs in order to accommodate the schedules of individual plaintiffs who were then slotted into four hour time periods on various days in February. A copy of the Notice of Deposition is attached to and made a part of this Motion as Exhibit "A". A copy of correspondence between counsel for Dow and counsel for plaintiffs seeking to schedule the depositions is attached as Exhibit B.

3.

Counsel for plaintiffs filed a Motion to Quash the Notice of Depositions and Motion for Protective Order seeking to prevent Dow from proceeding with the depositions of plaintiffs and further has advised Dow that no plaintiffs will appear for a deposition until such time as the Court has issued a ruling on the Motion to Quash Depositions and Motion for Protective Order. A copy of the letter from plaintiffs' counsel dated January 27, 2004, is attached to and made a part of this Motion as Exhibit "C". Essentially, counsel for plaintiff views the depositions as inconvenient and burdensome notwithstanding the fact that their own suit was filed as the mass joinder of several hundred plaintiffs.

4.

Fed. R. Civ. Proc. 30 provides that Dow is entitled to discover from each of the plaintiffs in this matter the details of their claims against Dow so that Dow may adequately protect its interests and prepare its defense and engage in motion practice to have non-meritorious claims dismissed on appropriately filed motions for summary judgment. Thus, Dow's "day in court"

and ability to defend itself against baseless claims is being thwarted and prejudiced by plaintiff counsels' failure to submit their clients to deposition.

5.

In noticing these depositions, Dow has incurred significant expense to accommodate the depositions of approximately 60 plaintiffs, including arranging a convenient location, scheduling two court reporters for dual track depositions, and staffing a sufficient number of attorneys to conduct the depositions. It is unfair to prohibit Dow from taking the depositions now as noticed, considering the expense Dow has already incurred, when it will have to duplicate these same expenses once the depositions of the plaintiffs are taken. Any plaintiff who does not desire to participate in a deposition is free to dismiss their suit with prejudice and avoid the inconvenience created by their decision to file a lawsuit against Dow.

6.

For almost 3 years, the plaintiffs have been conducting their own discovery of Dow in this matter. Dow has produced documents, answered interrogatories and produced witnesses for deposition testimony. Now that Dow has sought discovery through properly noticed depositions of the plaintiffs, along with the production of the claims forms, the plaintiffs are complaining that this discovery will cause them "undue burden and expense." All parties to litigation are entitled to conduct discovery of the other parties, and Dow is merely proceeding as the Federal Rules of Civil Procedure allow and the Court's scheduling order requires.

3

7.

Additionally, all plaintiffs were to deliver to Dow fully executed and completed claim forms and records release forms by March 30, 2003. This date was subsequently extended to May 30, 2003.

8.

Shortly after plaintiffs' attorneys delivered the first group of claim forms and record release forms, defense counsel informed plaintiffs' counsel of serious discrepancies in the claim forms and records release forms to include incomplete answers, missing pages, and other deficiencies.

9.

Counsel for defendant and counsel for plaintiffs have met numerous times in an effort to resolve the deficiencies in the claim forms and records release forms as well as the expedited completion of such forms. A copy of the letter dated January 20, 2004, to plaintiffs' counsel is attached to and made a part of this Motion as Exhibit "D".

10.

Despite repeated efforts of counsel, the fact remains that plaintiffs' counsel has yet to deliver to defense counsel fully executed claim forms and records release forms for all of the plaintiffs herein.

11.

The complaint identifies 620 plaintiffs. To date, defendants have received claim forms and record release forms from approximately 422 individual named plaintiffs. However, Dow has received claim forms from 130 people who are not named as plaintiffs. The claims forms

4

received contain numerous deficiencies and omissions, all as more fully set forth in the attached exhibits. A copy of the itemization of these deficiencies prepared by Dow is attached to and made of this Motion as Exhibit "E". A list of plaintiffs from whom claims forms were received, but who were not named as plaintiffs is attached to and made a part of this Motion as Exhibit "F". A list of plaintiffs from whom no claims forms, authorizations, or addenda have been received is attached to and made a part of this Motion as Exhibit "G".

12.

Dow is entitled to have each plaintiff herein execute fully a claim form and records release form as part of reasonable discovery in this case.

13.

Should the plaintiffs not produce the discovery requested – both the claims forms and the depositions – then the claims of the plaintiffs against Dow should be dismissed with prejudice. The plaintiffs have put their claims against Dow at issue in this litigation, and Dow should be allowed to adequately explore each plaintiff's claims. Without this discovery, dismissal of the plaintiffs' claims is warranted.

### REQUEST FOR EXPEDITED CONSIDERATION

14.

Because there are approximately 620 plaintiffs in this matter, in addition to 130 plaintiffs, and a discovery deadline of December 31, 2004, Dow respectfully requests that the Court consider this matter on an expedited basis so Dow may proceed with discovery as currently noticed for completion by December 31, 2004.This case involves numerous individual plaintiffs (the Second Amended Complaint lists over 286 persons) who have brought claims

5

against Dow for personal injury, personal property and real property arising out of the alleged contamination of the Plaquemine aquifer. From the outset of the litigation, the plaintiffs' attorneys and defendant's attorneys have agreed to proceed with basic discovery via the process of claim forms and records release forms.

Dow pray for an order requiring that the depositions of the plaintiffs as noticed be held February 2, 2004, or immediately thereafter, and that each plaintiff deliver to Dow complete claim forms and records release forms or, alternatively, that the claims of such individuals who fail to comply be dismissed with prejudice.

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.**

By _____
John Michael Parker, #10321
J. Clayton Johnson, #7296
David M. Bienvenu, Jr., #20700
Anne J. Crochet, #2010
Timothy J. Poche', #21823
451 Florida Street, 8th Floor
Post Office Box 2471
Baton Rouge, LA 70821
Phone: 225-387-3221
Fax: 225-346-8049

6

**MARIONNEAUX & MARIONNEAUX**

F. Barry Marionneaux, #09277
23615 Railroad Avenue
Plaquemine, Louisiana 70764
Telephone: (225) 687-6884
Fax: (225) 687-6886

## - CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to Mr. William Goodell, Jr., Post Office Box 52663, Lafayette, Louisiana, 70505; Messrs. Stephen Murray and Damon A. Kirin, Murray Law Firm, 909 Poydras Street, New Orleans, Louisiana, 70112-4000; and, Ms. Yolanda Batiste, Batiste & Batiste, Post Office Box 598, Plaquemine, Louisiana, 70764.

Baton Rouge, Louisiana, this **29** day of January, 2004.

_____
David M. Bienvenu, Jr.

7

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADA M. ANDERSON, ET AL | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-12-C-M1 |
| VERSUS | : | |
| | : | |
| THE DOW CHEMICAL COMPANY | : | |

## RULE 26 CERTIFICATE

Undersigned counsel has personally communicated with counsel for plaintiffs by telephone and written correspondence and has not be able to resolve amicably the dispute raised by Dow's motion to compel.

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

By _____
John Michael Parker, #10321
J. Clayton Johnson, #7296
David M. Bienvenu, Jr., #20700
Anne J. Crochet, #2010
Timothy J. Poche', #21823
451 Florida Street, 8th Floor
Post Office Box 2471
Baton Rouge, LA 70821
Phone: 225-387-3221
Fax: 225-346-8049

**MARIONNEAUX & MARIONNEAUX**

F. Barry Marionneaux, #09277
23615 Railroad Avenue
Plaquemine, Louisiana 70764
Telephone: (225) 687-6884
Fax: (225) 687-6886

- CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to Mr. William Goodell, Jr., Post Office Box 52663, Lafayette, Louisiana, 70505; Messrs. Stephen Murray and Damon A. Kirin, Murray Law Firm, 909 Poydras Street, New Orleans, Louisiana, 70112-4000; and, Ms. Yolanda Batiste, Batiste & Batiste, Post Office Box 598, Plaquemine, Louisiana, 70764.

Baton Rouge, Louisiana, this 29 day of January, 2004.

_____
David M. Bienvenu, Jr.

10