FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

04 NOV 10 AM 10: 37

SIGN_____
by DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADA M. ANDERSON, ET AL

VERSUS

THE DOW CHEMICAL COMPANY

CIVIL ACTION

NUMBER 02-12-C-1

## RULING ON MOTION TO REQUIRE SUBMISSION OF COMPLETE DEPOSITION TRANSCRIPTS

This matter is before the court on the plaintiffs' motion to require defendant The Dow Chemical Company to submit the complete transcripts of the depositions upon which Dow relied to support its motion for summary judgment. Record document number 173. The motion is opposed.[1]

Defendant Dow filed a motion for summary judgment. In support of the motion Dow relied upon portions of the depositions of numerous plaintiffs.[2] Relying on Rule 32(a)(4), Fed.R.Civ.P., the plaintiffs sought to require Dow to submit complete copies of these deposition transcripts. Plaintiffs argued that in fairness, the complete copies should be filed rather than only the self-serving excerpts offered by Dow.

Dow opposed the motion, arguing essentially that the

---

[1] Record document number 180.

[2] Record document number 169, motion for summary judgment; record document number 171, supporting memorandum; record document number 172, defendant's exhibits.

Date Docketed
02-0012h-rul.wpd
NOV 10 2004
Notices Mailed To:
SCR BW Kirin Goodell Parker Ourso Lambert Craig

INITIALS | DOCKET#
nt | 181

Case 3:02-cv-00012-RET-SCR   Document 181   11/10/04   Page 1 of 3

plaintiffs failed to show that fairness requires Dow to introduce the complete transcripts of the plaintiffs' depositions.

During a status conference held October 27, 2004, counsel discussed this motion.[3] Counsel for the plaintiffs does not have copies of the complete deposition transcripts inasmuch as copies were not requested from the court reporter. Consequently, the plaintiffs cannot point to any specific portions of their deposition testimony which in fairness should be considered with those parts of their depositions relied upon by Dow. Nor can the court independently assess whether any other portions of the plaintiffs' depositions ought to be introduced for the simple reason that the court does not have the complete deposition transcripts either.[4]

---

[3] Record document number 179.

[4] During this status conference, counsel discussed a method by which copies of the deposition transcripts could be made available to counsel for the plaintiffs without requiring Dow to file the complete transcripts. Basically, rather than require Dow to file the complete transcripts, Dow would provide the original transcripts to a commercial copying service, the plaintiffs would pay the copying service to make copies in the most economical and practical manner, and then the plaintiffs could introduce whatever portions of the depositions they believe are relevant. At the time of the status conference, this seemed like a reasonable course of action. However, after further consideration the court concludes that this course of action is unfair to the court reporters who transcribed these depositions. Providing originals and copies of deposition transcripts is the court reporters' main source of income. Permitting the plaintiffs to obtain copies of their own depositions by having a commercial copying service make copies of the originals, at a lesser cost than what would be charged by the court reporters, is simply unfair to the court reporters in the
(continued...)

Plaintiffs have not shown that there are any other portions of their deposition transcripts which ought, in fairness, to be introduced by Dow. Without that showing, requiring Dow to introduce the complete deposition transcripts is not warranted and unfairly imposes additional costs on Dow.

Accordingly, the plaintiffs' motion to require defendant The Dow Chemical Company to submit complete transcripts of the plaintiffs' depositions is denied.

Baton Rouge, Louisiana, November 10, 2004.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] (...continued)
circumstances of this case. This motion does not deal with the introduction of one, two, or even a few depositions, but rather the depositions of 94 plaintiffs.