UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADA M. ANDERSON, ET AL

VERSUS

THE DOW CHEMICAL COMPANY

CIVIL ACTION

NUMBER 02-12-C-1

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 17, 2004.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

Date Docketed: DEC 2 0 2004
Notices Mailed To: SCR, BW, NL, Kirin, Goodell, Parker, Ourso, Lambert, Craig

INITIALS: nt  DOCKET#: 194

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



ADA M. ANDERSON, ET AL

VERSUS

DOW CHEMICAL COMPANY

CIVIL ACTION

NUMBER 02-012-C-1

**<u>MAGISTRATE JUDGE'S REPORT</u>**

This matter is before the court on the plaintiffs' motion to dismiss, without prejudice, for lack of subject matter jurisdiction. Record document number 182. The motion is opposed.[1]

Plaintiffs' original complaint, filed almost three years ago,

---

[1] Record document number 186. Plaintiffs filed a reply memorandum. Record document number 193.
Plaintiffs also moved to file an supplemental and amended complaint to reflect that each plaintiff's claim is less than $75,000. Record document number 191. Other than modifying paragraph IV of the complaint, the plaintiffs proposed supplemental and amended complaint does not change any of their substantive allegations of injuries and damages. Indeed, it specifically incorporates all of those allegations from their original and first amended complaints.
The jurisdictional facts that support removal must be judged at the time of removal. Post-petition events are considered only if relevant to that period of time. *Asociacion Nacional de Pescadores a Pequens O Artesaniales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d. 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). Plaintiffs' proposed amendment limiting the amount of recovery does not satisfy this standard. Plaintiffs' willingness to limit the amount of their damages at this point in the litigation, without amending in any way their allegations of injuries which caused them to sustain damages, supports the conclusion that the proposed amendment is not relevant to the jurisdictional facts at the time of removal. Rather, the proposed amendment is relevant to the facts now known, learned after extensive discovery. Consequently, the plaintiffs' proposed amendment will not be considered in this making this report and recommendation.

asserted subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. To support the exercise of subject matter jurisdiction, the plaintiffs alleged that they "suffered damages as a result of their ingestion and/or exposure to contaminated groundwaters and/or harmful air releases and/or fear and fright of having ingested and/or otherwise been exposed to contaminated groundwaters and/or harmful substances for which Defendant Dow is responsible."[2] Plaintiffs further alleged that the "amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00" per plaintiff.[3]

In their complaint, the plaintiffs alleged they were exposed to vinyl chloride and described it as "a hazardous and toxic substance that causes substantial health hazards and detrimental consequences to human beings" which "health effects include damage to the nervous system and liver damage as well as various forms and types of cancer."[4] Plaintiffs alleged that they "live in an ever-present fear that as a result of their exposures to the released substances for which Dow is Responsible they will suffer from a disabling or terminal disease in the future as a result."[5] Dow's

---

[2] Record document number 1, Complaint, ¶VI (hereafter, Complaint).

[3] *Id.*

[4] Complaint, ¶VII.

[5] *Id.*, ¶XXXVI.

2

acts and omissions, plaintiffs alleged, caused and continue to cause them "considerable fear, anguish, discomfort and inconvenience...as well as injuries, diseases and health problems which require immediate medical treatment as well as long-term medical monitoring."[6] Plaintiffs then alleged that they "suffer from numerous health problems and/or symptoms including, but not limited to, upset stomach, rashes and itching, diarrhea, nausea, burning, sleep disorders, headaches, coughs, sore throat, irregular menstruation, various forms of cancer, liver problems, weight loss, fainting, miscarriage, gastrointestinal disease, muscle pain and urinary problems."[7] Plaintiffs asserted, albeit upon information and belief, that "many, if not all, of these health problems and/or symptoms [they] suffer from were proximately caused by the Dow's negligent, routine and/or other wrongful conduct alleged with particularity herein."[8]

Plaintiffs sought recovery of damages for fear and fright, mental distress and anguish, death, severe diseases, ailments, health conditions and symptoms including various forms of cancer and liver dysfunction, inconvenience and environmental injustice, loss of use and enjoyment of their residences, damage to property,

---

[6] *Id.*, ¶XXXVII.

[7] *Id.*, ¶XXXVIII.

[8] *Id.*, ¶XXXIX.

3

loss of consortium, lost wages and medical and life care expenses.[9] In addition to recovery of actual damages, the plaintiffs alleged that the defendant's conduct makes it liable under state law for punitive damages pursuant to Louisiana Civil Code Article 2315.3.[10]

In neither their original nor their amended complaint did the plaintiffs specify which of the many and varied forms of injury were sustained by each particular plaintiff. The complaint, fairly read, alleges that each plaintiff is claiming damages for all of the forms of injury alleged in the complaint, including both actual and punitive damages.

Where the plaintiff has alleged damages that exceed the necessary amount in controversy, that amount controls if it is made in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938). This standard is well established. There is no suggestion by the plaintiffs that their allegations of injuries and damages in their original complaint reflect anything other than a good faith belief that each and every one of them had suffered the alleged injuries and sought recovery of actual and punitive damages. Although the defendant denied the plaintiffs' allegations of injuries and damages, the defendant does not assert that those allegations were not made in good faith.

Nor have the plaintiffs shown, either individually or

---

[9] *Id.*, ¶XLI.

[10] *Id.*, ¶XLIV.

4

collectively, that at the time of filing their complaint it was legally certain that they could not recover an amount sufficient to support subject matter jurisdiction. Plaintiffs' effort to make that showing now, through a stipulation declaring that each plaintiff's claim is less than $75,000.00, is unavailing.[11] As explained by the defendant, the use of a stipulation to establish the absence of the required amount in controversy has been allowed, but only in very narrow circumstances.[12] Such a stipulation is typically offered post-removal to clarify an ambiguous state court petition. A stipulation which does not clarify an ambiguous state court petition, but only purports to limit the plaintiffs' recoverable damages, is ineffective to deprive the court of subject matter jurisdiction. Developments in the case after filing which reveal that the plaintiffs' claims lack factual or legal support will not divest the court of jurisdiction.[13]

The jurisdictional facts alleged, in apparent good faith, by the plaintiffs in their original complaint support the exercise of subject matter jurisdiction under § 1332. The injuries they claimed to have suffered and would suffer in the future, and the damages they sought, both actual and punitive, easily support the finding that the amount in controversy as to each plaintiff

---

[11] Record document number 183, memorandum in support, Exhibit A. The stipulation is not signed by any plaintiff.

[12] Record document number 186, opposition memorandum, pp. 4-6.

[13] See, *Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001).

5

exceeded the sum of $75,000.00 when the complaint was filed. For the purpose of determining whether the court can continue to exercise subject matter jurisdiction, it is immaterial that the plaintiffs may now believe - after extensive discovery - that they may not be able to carry their burden of proof.[14]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs' motion to dismiss without prejudice be denied.

Baton Rouge, Louisiana, December 17, 2004.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE
UNITED STATES MAGISTRATE JUDGE

---

[14] Relying on language from *St. Paul Mercury Indemnity*, the plaintiffs seem to argue that a case can be dismissed for lack of subject matter jurisdiction when the evidence later reveals that the plaintiff was never entitled to recover the amount needed to support jurisdiction. Record document number 183, memorandum in support, p. 6. However, the plaintiffs have not directed the court's attention to a single case in which subject matter jurisdiction was found lacking based on a determination made after extensive discovery and years after the complaint was filed that the required amount in controversy never exited.

6