UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

05 JAN 20 PM 4: 10

SIGN_____
by DEPUTY CLERK

ADA M. ANDERSON, ET AL

VERSUS

THE DOW CHEMICAL COMPANY

CIVIL ACTION

NUMBER 02-12-C-1

### RULING ON MOTION TO SUSPEND
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the court on the motion of the plaintiffs to extend the time to file their opposition to the defendant's motion for summary judgment. Record document number 203. The motion is opposed.[1]

The Dow Chemical Company filed its motion for summary judgment on October 6, 2004.[2] Plaintiffs responded to the motion by filing a motion to require the defendant to submit complete deposition transcripts of the 94 plaintiffs whose depositions were submitted in support of the motion.[3] This motion was denied.[4]

Next, the plaintiffs filed a motion to dismiss the complaint without prejudice.[5] This motion was filed less than a week after

---

[1] Record document number 205.

[2] Record document number 169.

[3] Record document number 173.

[4] Record document number 181.

[5] Record document number 182.

the court denied the plaintiffs' motion to require complete deposition transcripts. After reviewing the magistrate judge's report and recommendation[6] and the plaintiffs' objection,[7] the court denied their motion to dismiss.[8]

While their motion to dismiss was pending, the plaintiffs sought and were granted an extension of time to respond to the defendant's motion for summary judgment.[9] Plaintiffs were allowed 20 days after the final ruling on their motion to dismiss to respond to the defendant's motion for summary judgment. In their motion for additional time, the plaintiffs made no mention of needing additional discovery in order to file their response to the motion for summary judgment.

Also while their motion to dismiss was pending, the plaintiffs moved for leave to file their third and fourth supplemental and amending complaints.[10] The apparent purpose of the third supplemental and amending complaint is to allege that the amount in controversy is less than $75,000.00 per plaintiff. The proposed fourth supplemental and amending complaint would apparently remove

---

[6] Record document number 194.

[7] Record document number 195.

[8] Record document number 200.

[9] Record document number 184, motion; record document number 185, order granting motion.

[10] Record document numbers 191 and 196, respectively. No opposition has been filed to either of these motions.

2

claims based on "harmful air releases" of substances for which the defendant is responsible. It would also characterize as "potential" the substantial health hazards and detrimental consequences of exposure to vinyl chloride, as originally alleged. It would also characterize as "serious" the fear, anguish, discomfort and inconvenience among the plaintiffs, but would remove the allegation that the plaintiffs suffered physical injuries, diseases and health problems which require immediate medical treatment as well as long term medical monitoring.[11] Similarly, amendments to paragraphs 38, 39, 41, and the deletion of paragraph 42 would essentially remove the plaintiffs' claims for physical injuries. No ruling has yet been issued on these two motions.

On the joint motion of the parties, the December 31, 2004, deadline for completing fact discovery was suspended, primarily because of the plaintiffs' then-pending motion to dismiss and Dow's motion for summary judgment.[12]

Eight days after the court denied the plaintiffs' motion to dismiss, they filed this motion to suspend the defendant's motion for summary judgment pending the completion of additional discovery.

---

[11] The proposed fourth amended and supplemental complaint is consistent with the representations of counsel for the plaintiffs during a status conference held September 28, 2004.

[12] Record document number 197, motion; record document number 199, order vacating fact discovery deadline.

3

Plaintiffs recognize that Rule 56(f), Fed.R.Civ.P., applies here. The rule provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f) provides non-movants with an important tool "to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992), cert. denied, 508 U.S. 910, 113 S.Ct. 2340 (1993). Non-movants seeking relief under Rule 56(f) must "show (1) why they need additional discovery and (2) how that discovery will create a genuine issue of material fact." *Beattie v. Madison County School Dist.*, 254 F.3d 595, 605 (5th Cir. 2001). The non-movants cannot "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir. 2004). A party "cannot evade summary judgment simply by arguing that additional discovery is needed." *See Brown v. Mississippi Valley State University*, 311 F.3d 328, 333, n. 5 (5th Cir. 2002).

Plaintiffs' motion is not supported by any affidavit. Nonetheless, for purposes of this ruling, the court will consider the factual statements made in the motion and the supporting

4

memorandum.

According to their supporting memorandum, the plaintiffs want to depose Jacquelyn R. Clarkson and the persons responsible for the Agency for Toxic Substances and Disease Registry (ATSDR) report she relied upon. Clarkson offered opinions in support of the defendant's motion for summary judgment. In forming her opinions, Clarkson relied upon the ATSDR May 17, 2004, Review of Ground Water Sampling Results from the Myrtle Grove Trailer Park Well System.[13]

Although the plaintiffs have identified with specificity the discovery they propose to take, they have not identified what factual information might be obtained from Clarkson, nor the persons who prepared or reviewed the ATSDR report.[14] Plaintiffs have not asserted that they were unaware of the report at or shortly after it was issued some eight months ago. Plaintiffs have not pointed to anything in the report which they believe is factually unsupported, scientifically invalid, or otherwise deficient. They have not offered the affidavit of any expert criticizing any aspect of the ATSDR report. Plaintiffs do not seek time to obtain any expert opinion on the matters addressed in the report. Although the plaintiffs assert that they need to depose

---

[13] Record document number 172, exhibits to motion for summary judgment, Exhibit 3, ATSDR report, and Exhibit 10, Clarkson affidavit.

[14] The ATSDR report identifies on pages 19 and 20 the persons who prepared and reviewed it.

5

the persons responsible for the ATSDR report to determine the validity of it, they made no argument that anything in the report is invalid. Consequently, their assertion that discovery will likely create a genuine issue of material fact regarding the validity of the report, and Clarkson's reliance on it, is simply unfounded.

Plaintiffs have not explained how Clarkson is likely to provide any information they can use to oppose Dow's motion for summary judgment. Plaintiffs must have known from the beginning of this case that they would need expert testimony to establish the fact of exposure to vinyl chloride, the degree of that exposure, and that the exposure caused their alleged injuries and damages. Plaintiffs have not offered the affidavit of any expert critical of any aspect of Clarkson's opinions, or the data upon which she relied to support them. Plaintiffs do not seek time to obtain any expert opinion on the matters addressed in the her affidavit. Plaintiffs have simply failed to make any convincing showing that deposing Clarkson is likely to provide any information that might be useful in opposing Dow's motion for summary judgment.

Finally, the plaintiffs must acknowledge that they have been aware of Clarkson's affidavit since Dow filed its motion for summary judgment in early October 2004. Yet, they took no steps to schedule and take Clarkson's deposition, choosing instead to pursue the dismissal of their complaint, without prejudice, for lack of

subject matter jurisdiction, i.e., an insufficient amount in controversy.

Certainly the plaintiffs' course of action has delayed the court's consideration of Dow's motion for summary judgment. However, the court does not need to determine whether this motion is only an effort to cause further delay since the plaintiffs have not shown they are entitled to additional time to conduct discovery.

Accordingly, the plaintiffs' motion to suspend the defendant's motion for summary judgment is denied.

Baton Rouge, Louisiana, January 20, 2005.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE