UNITED STATES DISTRICT COURT

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 JAN 28 P 1: 33

SIGN _____
BY DEPUTY CLERK

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADA M. ANDERSON, ET AL. | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 02-12-C-M1 |
| | : | |
| THE DOW CHEMICAL COMPANY | : | JUDGE TYSON |
| | : | |
| | : | MAGISTRATE RIEDLINGER |

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM AND MOTIONS TO STRIKE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR DEADLINE

NOW INTO COURT, through undersigned counsel, comes The Dow Chemical Company, ("**Dow**"), which moves for leave to file a reply memorandum in support of its motion for summary judgment. Dow also requests a thirty day opportunity to review the expert "affidavits" submitted by plaintiffs and file motions to strike pursuant to Fed. R. Evid. 702 and the Supreme Court's decision in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). In specific support of the motion, Dow submits the following basis:

1.

Dow filed a motion for summary judgment in this case on Oct. 6, 2004.

2.

After over ninety days, the plaintiffs submitted a 30-page opposition memorandum that was served on Dow on January 26, 2005. Attached to the opposition are several boxes of affidavits and exhibits, including several expert witness affidavits.

3.

Dow requests the opportunity to file a reply memorandum, in large part to refute the sweeping allegations and diversionary arguments in plaintiffs' opposition memorandum.

301112v.1

Plaintiffs' memorandum focuses mostly on allegation that Dow the source of elevated chemical levels in the Plaquemine aquifer – an issue not raised by Dow in its motion. This emphasis is made apparently to divert the Court's attention from the fact that there is no evidence that plaintiffs have suffered any actual or potential harm or damages from allegedly consuming water pumped from the aquifer. Dow would like to respond to plaintiffs' assertions before the Court rules on Dow's motion for summary judgment.

4.

For example, the plaintiffs have submitted affidavit evidence on the need for medical monitoring. On January 20, 2005, the medical monitoring claims were dismissed with prejudice. Dow wants to reply to the opposition in light of the Court's dismissal of various components of the claim.

5.

In relation to plaintiffs' punitive damages claim, Dow will show in its reply memorandum that recovery of punitive damages is not legally viable in a "fear and fright" case until the "fear and fright" is sustained. Here, no "fear and fright" was sustained until 2001, the first time when test results reported to the community an elevated chemical level. The punitive damage statute was repealed in 1996 and no scientifically reliable evidence demonstrates any contamination prior to the date when the statute was repealed.

6.

It has also come to Dow's attention that several of the expert affidavits submitted in opposition to the summary judgment may have been developed and prepared for other attorneys in other litigation pending in state court. These experts have been retained and compensated by counsel who have represented to Dow that they have not authorized the retention and use of their

retained experts in this litigation. Dow needs additional time to determine the accuracy of this situation and whether the experts have been properly employed by the plaintiffs in this matter. If the expert affidavits were not properly submitted or are withdrawn, no evidentiary support will exist for the case.

7.

Dow needs sufficient time to review the memorandum and the attachments and to formulate a reply memorandum.

8.

If the expert affidavits are not withdrawn, Dow intends to file motions to strike some or all of the affidavits pursuant to Fed. R. Evid. 702 and the Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). On their face, the affidavits notably do not provide or identify a scientific methodology employed to reach the conclusions expressed. Additionally, the affidavits are not based on data or facts sufficient to support the conclusions reached.

9.

Dow requests a deadline of March 1, 2005, in which to file its reply memorandum in support of the motion for summary judgment. This request is not prejudicial given the fact that plaintiffs have almost 110 days to oppose Dow's motion. Moreover, the request is made to streamline the issues and bring an end to the litigation in light of Fed. R. Civ. Proc. 56 and to permit the Court to properly exercise its gatekeeping function required by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

For that reason, Dow requests that the Court grant Dow leave to file a reply memorandum in support of its motion for summary judgment. Dow also requests a thirty day opportunity to

- 3 -
301112v.1

Case 3:02-cv-00012-RET-SCR   Document 213   01/28/05   Page 3 of 4

review the expert "affidavits" submitted by plaintiffs and file motions to strike pursuant to Fed. R. Evid. 702 and the Supreme Court's decision in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Dow requests that the Court set March 1, 2005, at the date by which Dow should accomplish these filings.

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By _____
John Michael Parker, #10321
Anne J. Crochet, #2010
David M. Bienvenu, #20700
Timothy J. Poche, #21823
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Phone: 225-387-3221
Fax: 225-346-8049

F. Barry Marionneaux, #09277
F. Charles Marionneaux, #18320
23615 Railroad Avenue
Plaquemine, Louisiana 70764

Counsel for The Dow Chemical Company

- CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to all counsel of record.

Baton Rouge, Louisiana, this 28th day of January, 2005.

_____
David M. Bienvenu

- 4 -

301112v.1

Case 3:02-cv-00012-RET-SCR   Document 213   01/28/05   Page 4 of 4