FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 FEB 22 P 4: 01

SIGN
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADA M. ANDERSON, ET AL. | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 02-12-C-M1 |
| | : | |
| THE DOW CHEMICAL COMPANY | : | JUDGE TYSON |
| | : | |
| | : | MAGISTRATE RIEDLINGER |
| | : | |
| | : | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO SUSPEND CONSIDERATION OF DOW'S MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Plaintiffs' motion to suspend consideration of the motion for summary judgment filed by The Dow Chemical Company ("**Dow**") has no more merit now than when it was previously denied back on January 20, 2005. First, the motion to suspend is nothing more than a request to engage in a fishing expedition with no factual basis that the requested discovery will have any bearing on the outcome of issues before the Court. The motion demonstrates nothing in the form of a *prima facie* attack on ATSDR report dated May 17, 2004, that concluded that "the vinyl chloride (4.9 to 13.8 ppb) in the well system would not be expected to produce averse health effects in residents (either adults or children) who used the water for household (i.e., drinking, showering, bathing, etc.) and outdoor purposes." ATSDR Report, p. 1 ( a copy of which is attached to Dow's motion for summary judgment).



SCR

Second, the motion is nothing more than a delay tactic and should be denied as untimely. The plaintiffs previously filed a motion to suspend that was denied on January 20, 2005. The plaintiffs did not object to the report and recommendation and waived any objections by failing to file objections to the denial of their motion to suspend. Now, by filing a second motion to suspend, they are attempting to submit untimely objections to the original report and recommendation through the back door. This tactic should be rejected.

In support of the motion, plaintiffs submit the affidavit of their attorney. The suggestions contained in the affidavit of worthy of scrutiny:

1.   The affidavit and motion contends that plaintiffs need a continuance of Dow's summary judgment motion in order to discover the identity of the persons responsible for the ATSDR report. The names of the individuals are listed on pages 19 and 20 of the ATSDR report, which is attached to Dow's motion for summary judgment. Such information has been available to plaintiffs for almost five months.

2.   The affidavit and motion contend that plaintiffs want to take the deposition of the ATSDR investigators. These people are not Dow's retained litigation experts. Neither Dow nor the Court have impeded the plaintiffs from pursuing any discovery from the ATSDR. The preliminary report was issued in 2002 and the final report was issued in May of 2005. Of course, the plaintiffs never expressed any specific interest in pursuing discovery from

- 2 -

the ATSDR until after their deadline expired to file an opposition to Dow's summary judgment motion.

3.      It is interesting that the plaintiffs suggest that the ATSDR report is somehow assailable under ***Daubert.***  If such a contention to truly well founded, the plaintiffs should be able to demonstrate how the peer reviewed literature chronicled on pages 21 through 23 of the ATSDR report is deficient.  In complaining about the failure of the ATSDR report to calculate inhalation and dermal exposures, perhaps the plaintiffs and their experts overlooked Section 3.1.2 of the ATSDR report, which is entitled "Inhalation and Dermal Exposures."

4.      The plaintiffs utterly fail to demonstrate how Dr. Clarkson's reliance on a Health Consultation published to the Agency for Toxic Substances and Disease Registry of the Public Health Service is inconsistent with ***Daubert***.  Do the plaintiffs honestly suggest that the ATSDR will agree at a deposition that their Health Consultation is "junk science?"  The Motion to Suspend contains no specific attack on the information evaluated by the ATSDR, the methodology employed, the medical literature used to measure to the exposures and the toxicology, the expertise of the investigators or the reliability of the information referenced or the outcome

5.      The plaintiffs provide no insight from any witness, fact or expert, how additional discovery will create a genuine issue of material fact.    An

- 3 -

affidavit submitted by counsel of record is entitled to no more weight than a representation made in a brief. The affidavit fails to identify what specific information needs to be discovered from the ATSDR investigators.

This action has been pending for three years. The plaintiffs had over three months to analyze Dow's pending motion and pursue the discovery they now seek. Rather than immediately seeking discovery from the ATSDR following the filing of Dow's motion for summary judgment on October 6, 2004, the plaintiffs did absolutely nothing. and squandered their opportunities for discovery. On October 6, 2004, after almost three years of expensive and burdensome litigation, Dow filed a motion for summary judgment, demonstrating that plaintiffs have failed to show a genuine issue of fact relative to their allegations that they possess compensable claims against Dow. The motion followed plaintiff depositions. The motion followed years of Dow witnesses being deposed. In a significant sense, the summary judgment motion is Dow's "day in court" and is a favored vehicle under the law to dispense with this litigation.

Plaintiffs never contacted Dow about any remote interest in the ATSDR activities or pursuing discovery from the ATSDR. In between agreed to extensions from Dow and motions to dismiss, the plaintiffs manufactured a three month window to conduct the discovery they now seek and did nothing with the opportunity. This attempt to mount a rolling opposition to Dow's motion for summary judgment should end.

On October 26, 2004, counsel for plaintiffs with counsel for Dow filed a joint motion to extend plaintiffs' deadline until December 1, 2004, to enable plaintiffs to have additional time to

- 4 -

oppose Dow's motion for summary judgment. Consistent with principles of professionalism and cooperation, counsel for Dow happily agreed to continue the opposition date so that plaintiffs could "gather affidavits necessary to respond to the allegations of the Motion for Summary Judgment." Joint Motion for Extension of Time, October 25, 2004, paragraph III. Between October 25, 2004 and December 1, 2004, counsel for Dow was never contacted by plaintiffs' counsel about any specific discovery that was needed to oppose Dow's motion. Thus, the opportunity for discovery created by the extension was essentially wasted by plaintiffs.

Given the fact that no requests were ever made for any depositions relative to the summary judgment motion, plaintiffs' professed basis for the original extension, i.e., the need for discovery, was indeed hollow. Rather than schedule depositions that the plaintiffs now claim they need, on November 16, 2004, the plaintiffs attempted to stipulate their way out of federal court to what was perceived would be a friendlier forum elsewhere through the filing of a motion to dismiss without prejudice for lack of subject matter jurisdiction. Curiously, after being confronted with Dow's summary judgment motion, the plaintiffs did not ask for deposition dates of Dow's experts. Instead, the plaintiffs suggested for the first time in this litigation that jurisdiction might be lacking. Dow timely opposed the motion. The Magistrate Judge recommended that the motion be denied on December 16, 2004. The motion was denied by the Court on January 6, 2005.

After claiming the need for discovery, obtaining Dow's consent to an original extension, squandering the opportunity and then attempting to stipulate away jurisdiction over the last one hundred and ten days (with what can be charitably characterized as curious motion practice), the

- 5 -

plaintiffs are now back to claiming the need for discovery. Essentially, the plaintiffs manufactured a ninety two day (92) day extension of their original deadline to oppose Dow's motion for summary judgment and did nothing useful with the time. Now, plaintiffs want to add delay to the summary judgment disposition and seek discovery that could and should have been identified on the day they received Dow's summary judgment motion back in early October. The Court was correct in January when the motion to suspend was denied.

The Fifth Circuit in <u>Beattie v. Madison County School Dist.</u>, 254 F.3d 595 (5th Cir. 2001), ruled that, after years of litigation, a sixteen (16) day opportunity was sufficient deposition opportunity for a plaintiff to identify deponents in order to oppose a motion for summary judgment. In fact, the court refused to address the merits of the plaintiff's request for additional discovery because she had not been diligent in conducting discovery:

> [Beattie] must show (1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact. <u>Stearns</u>, 170 F.3d at 535 (citing <u>Krim</u>, 989 F.2d at 1442). **If Beattie has not diligently pursued discovery, however, she is not entitled to relief under Rule 56(f).** <u>See Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit</u>, 28 F.3d 1388, 1397 (5th Cir. 1994). **We need not address whether Beattie has shown why she needs additional discovery to create a genuine issue of material fact, because she was not diligent.** Beattie had several months, from the time she sued, to depose the board members, who are named defendants. . . . Beattie became aware that she needed to depose school board members as early as March 15, giving her sixteen days before the end of discovery to seek an extension. Instead, she waited until after defendants had filed their motion for summary judgment.

<u>Id.</u> at 606 (emphasis added).

- 6 -

The Fifth Circuit's holding in <u>Beattie</u> is clearly applicable to this case, where the plaintiffs' lack of diligence is even greater than that of the <u>Beattie</u> plaintiff. The plaintiffs in this case had at least fifty (50) days to conduct discovery before the first extension expired. Over two and one half years expired between the filing of the complaint and the filing of Dow's motion for summary judgment. Two and a half years of litigation and ninety days to ponder Dow's motion for summary judgment is more than enough time to produce opposing affidavits and a sufficient opposition, to the extent that one can be made.

Originally, plaintiffs alleged that they "were not aware of the need for the specific additional discovery until after analyzing Dow Chemical's Motion for summary judgment." Surely, the plaintiffs analyzed Dow's motion for summary judgment that was filed on October 6, 2004, at some point prior to January 14, 2005. The basis for plaintiffs' motion existed clearly back in early October and was just as apparent then as it is right now. In short, the plaintiffs simply have not been diligent in this case, and therefore the court should deny their motion to suspend in accordance with <u>Beattie</u>, 254 F.3d at 606.

Plaintiffs assert that they will not unduly delay this litigation. The simple truth is that the plaintiffs have repeatedly delayed this litigation. One hundred and seventy nine plaintiffs have failed to even submit a claim form or record authorization. Over fifty plaintiffs did not even show up for their scheduled and noticed depositions. The rejected attempt of plaintiffs to abort this litigation delayed consideration of the motion for summary judgment by months.

Plaintiffs have had three years to develop their case. The plaintiffs should either meet the challenge presented by Dow's motion for summary judgment or the litigation should end.

- 7 -

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By _____
John Michael Parker, #10225
Anne J. Crochet, #2010
David M. Bienvenu, Jr., #20700
Timothy J. Poche, #21823
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Phone: 225-387-3221
Fax: 225-346-8049

F Barry Marionneaux #09277
F. Charles Marionneaux, #18320
23615 Railroad Avenue
Plaquemine, Louisiana 70764

Counsel for The Dow Chemical Company

- 8 -

## CERTIFICATE

I hereby certify that a copy of the foregoing as been mailed this date to :

William W. Goodell, Jr.
Post Office Box 52663
Lafayette, Louisiana 70505-6008

Stephen B. Murray
Murray Law Firm
909 Poydras Street, Suite 2550
New Orleans, Louisiana 70112-4000

Yolanda Batiste
Batiste & Batiste
Post Office Box 598
Plaquemine, Louisiana 70764

This the **22** day of Feb, 2005.

David M. Bienvenu, Jr.