ADA M. ANDERSON, ET AL     *     NUMBER 02-0012-C-M1
AND THE ESTATE OF
CONOVAS M. SON, ET AL     *     UNITED STATES DISTRICT COURT

VERSUS

    *     MIDDLE DISTRICT OF LOUISIANA

THE DOW CHEMICAL COMPANY     *

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA
2005 APR 29 A 11: 51
SIGN
BY DEPUTY CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## RE-NOTICE OF RECORDS ONLY DEPOSITION, INTENT TO INSPECT AND COPY RECORDS, AND ISSUANCE OF SUBPOENA DUCES TECUM

TO:   **Plaintiffs, Ada M. Anderson, et al.**
Through their Counsel of Record:
Mr. William W. Goodell, Jr.
WILLIAM W. GOODELL, JR. P.L.C.
Post Office Box 52663
Lafayette, Louisiana 70505-6008

      and

      Mr. Damon A. Kirin
MURRAY LAW FIRM
909 Poydras Street, Suite 2550
New Orleans, Louisiana 70112-4000

Please take notice that The Dow Chemical Company will conduct a records only deposition and inspect and copy the documents and things listed on Exhibits "A" and "B" (attached hereto) in the possession, custody or control of plaintiffs' expert C. B. Scrignar, M.D., all in accordance with the Federal Rules of Civil Procedure including, without limitation, Rules 28, 30 and 45, at 2625 General Pershing Street, New Orleans, Louisiana 70115, on the **5th day of May, 2005, at 11:00 a.m. NO TESTIMONY WILL BE TAKEN.** All other parties to this litigation may attend and participate in the inspection and copying of said documents and things.

Pursuant to the agreement of counsel, the *subpoena duces tecum* previously issued to C. B. Scrignar, M.D., (and served on him through Mary Angell Scrignar on April 18, 2005) ordering the production of such documents and things listed on Exhibits "A" and "B" will be applicable to the records only deposition re-noticed herein. A copy of the deposition *subpoena duces tecum*, with Exhibits, is attached hereto and served herewith.

DATED:    April 28, 2005.

Respectfully submitted
By attorneys,

MARIONNEAUX & MARIONNEAUX

F. Barry Marionneaux (#9277)
F. Charles Marionneaux (#18320)
Amy Dauzat Marionneaux (#20776)
Michelle O. Lorio (#20930)
23615 Railroad Avenue
Plaquemine, Louisiana 70764
Telephone: (225) 687-6884
Facsimile: (225) 687-6886

and

John Michael Parker, No. (#10,321)
Anne J. Crochet, No. (#2010)
David M. Bienvenu, Jr. (#20700)
J. Clayton Johnson, Jr. (#7296)
TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.
8th Floor Bank One Centre
451 Florida Street
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

COUNSEL FOR DEFENDANT,

THE DOW CHEMICAL COMPANY

| | | |
|---|---|---|
| ADA M. ANDERSON, ET AL | * | NUMBER 02-0012-C-M1 |
| AND THE ESTATE OF | | |
| CONOVAS M. SON, ET AL | * | UNITED STATES DISTRICT COURT |
| | | |
| VERSUS | | |
| | * | MIDDLE DISTRICT OF LOUISIANA |
| | | |
| THE DOW CHEMICAL COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing "Re-Notice of Records Only Deposition, Intent to Inspect and Copy Records, and Issuance of *Subpoena Duces Tecum*" was this day sent via facsimile and U. S. Mail, postage prepaid and properly addressed to the following counsel of record:

Mr. William W. Goodell, Jr.      Mr. Damon A. Kirin
WILLIAM W. GOODELL, JR. P.L.C.   MURRAY LAW FIRM
Post Office Box 52663         909 Poydras Street, Suite 2550
Lafayette, Louisiana 70505-6008   New Orleans, Louisiana 70112-4000

Plaquemine, Louisiana, this 15th day of April, 2005.

F. CHARLES MARIONNEAUX

# EXHIBIT "A"

As used herein, "you" and "your" refer to Dr. C. B. Scrignar and C. B. Scrignar, M.D., APMC, individually and collectively.

As used herein, "Dow" refers to The Dow Chemical Company.

As used herein, "Evaluated Plaintiffs" refers to:

a.  Ms. Daphne A. Jefferson;
b.  Ms. Hilda Mae Jefferson;
c.  Mr. Herbert Jefferson, Jr.;
d.  Mrs. Julia B. Jackson;
e.  Mrs. Brenda A. Jefferson;
f.  Mr. Douglas Smith, Jr.;
g.  Mrs. Cheryle Stewart;
h.  Mr. Harold A. Stewart;
i.  Mr. Oluis Bynum;
j.  Mrs. Carol Bynum; and/or
k.  All other individuals who are plaintiffs or claimants in the litigation entitled "*Ada M. Anderson, et al. v. The Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana" and whom you have interviewed, examined, reviewed documentation regarding, and/or performed a psychological evaluation on.

As used herein, the term "documents" shall include the original, all non-identical copies, and all drafts of all recorded communications of any kind in the world whether on paper, videotape, audio tape, disc, in computer medium, by electronic mail, and/or any other storage medium, including but not limited to writings, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings, computer data, records, correspondence, memoranda, reports, studies, minutes, pamphlets, notes, telegrams, messages (including reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, records, data compilations, petitions, patents, advertisements and other data, compilations from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form. All attachments and/or enclosures to a document will be deemed to be part of such documents.

As used herein, "Litigation" refers to the matter entitled "*Ada M. Anderson, et al. v. The Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana."

1. One copy each of each version of your most up-to-date *curriculum vitae*, including (without limitation), any *curriculum vitae* used in the context of or in connection with the following:

    1. Academic pursuits;

    2. Litigation-related matters;

    3. Grant requests, grant proposals or grant-funded research;

    4. Publishing peer-reviewed or other material; or

    5. Other contexts not set forth above.

2. One copy each of each version of the most up-to-date *curriculum vitae* of each individual within your organization or under your supervision who performed any work or gathered any information which you have reviewed or considered at any point during your evaluation(s) of the Evaluated Plaintiffs or any residents of and visitors to the Myrtle Grove Trailer Park in Plaquemine, Louisiana, including (without limitation) each *curriculum vitae* used in the context of or in connection with the following:

    1. Academic pursuits;

    2. Litigation-related matters;

    3. Grant requests, grant proposals or grant-funded research;

    4. Publishing peer-reviewed or other material; or

    5. Other contexts not set forth above.

3. All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information considered by you in forming any of the following:

1. the opinions, conclusions, and statements which are set forth in or referenced in your "Affidavit of Dr. C. B. Scrignar," dated January 20, 2005, in the matter entitled *Ada M. Anderson, et al., versus Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana, and all exhibits and other documents attached thereto (such affidavit, exhibits and other documents being collectively referred to as the "January 20, 2005 Affidavit," hereinafter);

2. the opinions, conclusions, and statements which are set forth in or referenced in your "Supplemental Affidavit of Dr. C. B. Scrignar," dated March 18, 2005, in the matter entitled *Ada M. Anderson, et al., versus Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana, and all exhibits and other documents attached thereto (such affidavit, exhibits and other documents being collectively referred to as the "March 18, 2005 Affidavit," hereinafter);

3. any or all of your initial, interim, transitory and/or final opinions, evaluation(s) and diagnoses relative to the Evaluated Plaintiffs; or

4. any or all of your initial, interim, transitory and/or final opinions, evaluation(s) and diagnoses relative to any individual and/or group of individuals who claim to have resided in or visited the Myrtle Grove Trailer Park at any time.

4. The initial and all subsequent drafts and iterations of the January 20, 2005 Affidavit and/or March 18, 2005 Affidavit leading up to the final version of each, including those drafts and iterations with handwritten or other notations on them.

5. The initial and all subsequent drafts and iterations of any and all other reports composed by you relative to your psychiatric or other evaluation(s) or the Evaluated Plaintiffs and/or the probability of residents and visitors at the Myrtle Grove Trailer Park in Plaquemine, Louisiana developing a mental disorder as a result of purported exposure to vinyl chloride in the drinking water, or any other issue(s) related to this litigation, including those drafts and iterations with handwritten or other notations on them.

6.    All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials, and other information or materials provided to you, or collected, possessed or reviewed by you, and concerning or in any way related to any of the following:

1.    Vinyl chloride, cis-DCE, and the health (physical and/or mental) effects associated with any exposure to same;

2.    The cooking, clothes washing, dishwashing, cleaning and other household activities-related habits and practices of any resident of or visitor to Myrtle Grove Trailer Park, including without limitation, the Evaluated Plaintiffs, at any point in time;

3.    The showering and bathing-related habits and practices of the Evaluated Plaintiffs at any point in time;

4.    The showering and bathing-related habits and practices of each resident of and/or each visitor to Myrtle Grove Trailer Park, while at Myrtle Grove Trailer Park at any point in time;

5.    The eating and drinking-related habits and practices of the Evaluated Plaintiffs at any point in time;

6.    The eating and drinking-related habits and practices of each resident of and/or each visitor to Myrtle Grove Trailer Park, while at Myrtle Grove Trailer Park at any point in time;

7.    The written media articles, television reports, radio reports and other media reports regarding vinyl chloride in drinking water viewed, heard, read or perceived by any of the Evaluated Plaintiffs;

8.    The medical, environmental, socioeconomic, educational, psychological, mental, healthcare, toxic exposure, employment, and other histories of any and all residents of and visitors to Myrtle Grove Trailer Park, including without limitation the Evaluated Plaintiffs;

9.    Any and all groundwater samples taken from the Plaquemine aquifer and any analytical results of such samples;

10. Any and all air, wipe and other samples taken from inside any home or structure within Myrtle Grove Trailer Park after December 1, 1995;

11. The exposure of the Evaluated Plaintiffs and/or residents of and/or visitors to Myrtle Grove Trailer Park to arsenic in drinking water;

12. The contamination which allegedly forms the basis of the underlying litigation;

13. Any exposure or injuries allegedly incurred or suffered by any plaintiff(s) or putative plaintiff(s) in the underlying litigation;

14. Any actions or inactions by The Dow Chemical Company which allegedly resulted in contamination of the Plaquemine Aquifer; or

15. Any actions or inactions by any other person or entity which may have resulted in contamination of the Plaquemine Aquifer.

7. All written, electronic and other communications received by you from any attorney (or a representative of any attorney) or directed by you to any attorney (or such attorney's representative) and in any way related to this matter, the underlying litigation or your work in this matter, including, but in no way limited to, the following:

1. The initial contact(s) by any attorney(s);

2. All retention agreements, contracts and any document(s) setting forth any of the terms of your retention, including, without limitation, the compensation to be paid for your study, testimony, report, opinions or consultation in this matter;

3. Your charge(s) and the scope of your work;

4. All issues you were directed to consider and/or render an opinion on;

5. All communications accompanying data, documents, charts, pictures, videos, computer animations, treatise materials or other information or materials, delivered, forwarded or otherwise transmitted to you or any other expert or consultant in this matter;

6.  All comments, suggested revisions, questions and other communications related to drafts of any report(s), language within such report(s), or material considered for inclusion in any report(s);

7.  All payment agreements and arrangements;

8.  All communications relative to payments for services;

9.  All statements and bills for services, expenses and other costs and charges, listing the services thus far rendered by you in connection with these matters, the time spent on same, and/or the compensation due or to be paid for same; or

10. All evidence of payment(s) for services rendered, expenses incurred or anything else, including, without limitation, payments to you of $1,800.00 for each psychiatric evaluation of an Evaluated Plaintiff herein.

8.  All of your notes and other memorializations of verbal or other statements or directions received from any attorney, expert, consultant or other person regarding this litigation or your work related thereto, including, without limitation, such statements or directions comprised of or related to the following:

    1.  Comments or suggested revisions relative to your draft or final report(s);

    2.  Your scope of work relative to this litigation;

    3.  The subject matter of your opinions in this litigation; or

    4.  Any other issue related to this litigation.

9.  Any and all written, electronic and other communications evidencing or memorializing your request(s) for direction, input, revisions, payment or other information, depositions, documents or other data in this matter.

10. Any and all outlines of your draft and final report(s) in this matter, including, without limitation, the January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

11. All drafts of reports prepared by other experts or consultants related to this matter.

12. All final reports prepared by other experts or other consultants related to this matter.

13. All documents containing or setting forth your comment(s) and/or suggestions regarding any draft and/or final reports prepared by other experts or consultants in this matter.

14. A copy of the rules, regulations, procedures or protocols which you are required to abide by or act in conformity with when conducting any psychiatric evaluation(s) in a forensic setting or context.

15. A copy of the rules, regulations, procedures or protocols which you are required to abide by or act in conformity with when conducting any psychiatric evaluation(s) in a non-forensic setting or context.

16. All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information and materials forming the basis for each assumption set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or upon which your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit is based.

17. All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information and materials forming the basis for each purported factual statement set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit, or upon which your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit is based.

18. All abstracts, overheads, transparencies, outlines, notes, drawings, drafts of articles, bibliographies, findings or conclusions composed by you or others under your direction and related to the opinions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

19. All raw data, databases, test results, findings, summaries of findings, conclusions, compilations, statistical analyses of data, tables, summaries, and other compilations of data relating to the opinions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

20. All photographs, video tapes or recordings, audio tapes or recordings, and slides taken or made by you or anyone else during any site visit(s) to Myrtle Grove Trailer Park, any trailer which was previously located at the Myrtle Grove Trailer Park, the Dow Plaquemine facility, and any other locations you visited or considered with regard to your opinions or assumptions in this matter.

21. A record of all fees billed, hours expended and payments made relative to any work you have performed relative to the opinions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit .

22. All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information collected from any field investigation(s) relative to the opinions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

23. A list of every civil and criminal proceeding or mediation in which you have testified (whether by deposition or in any trial or hearing) in the last four years, providing with respect to each such proceeding the name of the court, the title or caption of the proceeding, and the docket number or proceeding number assigned to it.

24. Copies of all affidavits, discovery and perpetuation depositions and hearing and/or trial transcripts reflecting any sworn statement or testimony you have given in the past four years.

25. All other information, data and material of any type which relates, directly or indirectly, to the underlying litigation, the alleged contamination related to said litigation, your consideration, opinions or conclusions regarding same, the opinions and conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

26. All documents listed in Section VI of your January 20, 2005 Affidavit.

27. Any documents which are not listed in Section VI of your January 20, 2005 Affidavit but were used in forming the opinions set forth in the January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

28. Any and all data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information considered by you in connection with the underlying litigation, the opinions and conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or, any other issue(s) related to this litigation, and which **do not support** any or all of your opinions, calculations, results or calculations or conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

29. Any and all data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information considered by you in connection with the underlying litigation, the opinions and conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or any other issue(s) related to this litigation, and which **do not support** any or all of the assumptions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or upon which that report is based.

30. Any and all data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information considered by you in connection with the underlying litigation, the opinions and conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or any other issue(s) related to this litigation, and which **do not support** any or all of the purported factual statements set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or upon which that report is based.

31. Any and all peer reviewed scientific studies or other documentation or information purportedly supporting your statement or supposition (as found in your January 20, 2005 Affidavit) that the water which the evaluated plaintiffs allegedly used or consumed "poses a realistic threat to life or limb."

32. Any and all peer reviewed scientific studies or other documents or information which you purport supports the assumption or statement that any physical injury or illness allegedly affecting any of the evaluated plaintiffs was caused by vinyl chloride in the water from or at the Myrtle Grove Trailer Park.

33. Any and all peer reviewed scientific studies or other documents or information which you purport supports the assumption or statement that any physical injury or illness allegedly affecting any of the evaluated plaintiffs can be caused by vinyl chloride in the water from or at the Myrtle Grove Trailer Park.

34. All of the "materials from other sources that were made available to me" referenced in Paragraph 13 of your March 18, 2005 Affidavit.

35. Any and all documentation of "each individual's personal reaction to the toxic substance event" as referenced in Paragraph 13 of your March 18, 2005 Affidavit.

36. Any and all documentation of the ratings given by any of the Evaluated Patients utilizing the Subjective Unit Discomfort Scale, as referenced in your March 18, 2005 affidavit.

37. Any and all documentation of the Symptom Inventory Checklist filled out or given by any of the Evaluated Patients, as referenced in Section 8 of your March 18, 2005 Affidavit.

38. Any and all documentation of the Zung Self-Rating Depressive Scale filled out or given by any of the Evaluated Patients, as referenced in Section 8 of your March 18, 2005 Affidavit.

39. All medical records you have reviewed relative to any of the Evaluated Plaintiffs.

40. All "toxicology reports and other reports of the actual toxic emissions" which you have reviewed, as referenced in Paragraph 15 of your March 18, 2005 Affidavit.

41. All documentation of information you have relative to the "dissemination of information regarding the dangerousness of the chemicals that were released," as stated in Section 15 of your March 18, 2005 Affidavit, relative to any or all of the Evaluated Patients.

42. All documentation and information you have relative to any Evaluated Plaintiffs "observing self or others who complained of physical symptoms

attributed to the toxic exposure," as set forth in Section 15 of your March 18, 2005 Affidavit.

43.     All documentation of information you have relative to the "worry (anxiety) about the possible or probable consequences as a result of the exposure to the toxic substances including developing cancer or some unknown disease later in life or having a shortened life" relative to any or all of the Evaluated Patients, as set forth in Section 15 of your March 18, 2005 Affidavit.

44.     Any and all documentation upon which you based the statement, set forth in Paragraph 15 of your March 18, 2005 Affidavit, that the presence of physical illness has been "verified by medical authorities" relative to any of the evaluated plaintiffs.

45.     Any and all peer-reviewed or other documents and literature reflecting, referencing or identifying any adverse health effects on humans purportedly occurring or resulting from vinyl chloride exposure at the levels experienced by any of the Evaluated Plaintiffs.

46.     All written, electronic and other communications received by you from Nachman Brautbar, M.D., or directed by you to Nachman Brautbar, M.D., either directly or indirectly, and in any way related to this matter, the underlying litigation, your evaluation(s) or calculation(s) of cancer, non-cancer, and/or other alleged health risks from purported vinyl chloride exposure in residents and visitors at the Myrtle Grove Trailer Park in Plaquemine, Louisiana, or his work in this matter, or any other issue(s) related to this litigation.

47.     Any and all documents evidencing the context of and support or basis for any or all of the quotations contained in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

## EXHIBIT B

All of the records in your possession or within your control, without any limitation as to dates, concerning any of the following individuals:

1.      Ms. Daphne A. Jefferson;

2.      Ms. Hilda Mae Jefferson;

3.      Mr. Herbert Jefferson, Jr.;

4.      Mrs. Julia B. Jackson;

5.      Mrs. Brenda A. Jefferson;

6.      Mr. Douglas Smith, Jr.;

7.      Mrs. Cheryle Stewart;

8.      Mr. Harold A. Stewart;

9.      Mr. Oluis Bynum;

10.     Mrs. Carol Bynum;

11.     All other individuals who are plaintiffs or claimants in the litigation entitled "*Ada M. Anderson, et al. v. The Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana" and whom you have interviewed, examined, reviewed documentation regarding, and/or performed a psychological evaluation on;

12.     Any person listed on Table 1 within the January 9, 2005 Report of Kenneth M. Rudo, Ph.D.;

13. Any person claiming to have been a resident of or visitor to Myrtle Grove Trailer Park at any time from December 1, 1995 through March 31, 2001, and/or at any other time(s); and/or

14. Any plaintiff or claimant in litigation involving alleged water contamination at Myrtle Grove Trailer Park.

The items requested include all documents and things in existence, including, but not limited to the following:

1. The original entire medical chart, file and record;
2. Medical records, physicians' records and/or surgeons' records, regardless whether such records were prepared by more than one doctor or staff member or were received by you from some other healthcare provider, hospital, institution, or any other person or entity;
3. Databases;
4. Compilations;
5. Draft and final articles, notes, etc., written in which any of these patients or the purported Myrtle Grove Trailer Park water contamination is mentioned or referenced;
6. Case summaries;
7. Drawings;
8. X-rays, CAT scans, PET scans, MRI films, photographs and any other radiological, nuclear medicine or radiation therapy films, and all reports regarding same;
9. Pathology materials;
10. Slides;
11. Tissues;
12. Laboratory reports;
13. Discharge summaries;
14. Progress notes, including both handwritten and typed;
15. Consultations;
16. Prescriptions and notes or records of same;
17. Reports;
18. Records of drug abuse and/or alcohol abuse;
19. Records of AIDS diagnosis or treatment;
20. All telephone messages and notes from telephone conversations;
21. Correspondence received from, directed to or regarding such individual(s), regardless whether such records were prepared by more than one doctor or staff

member or were received by you from some other healthcare provider, hospital, institution, or any other person or entity;

22. Physicals;
23. Histories;
24. Family histories;
25. Nurse's notes;
26. Therapist's notes;
27. Patient intake forms;
28. Patient survey forms or evaluations;
29. Patient statement of complaints or physical condition;
30. Insurance records;
31. Consent for treatment;
32. Psychiatric, psychological or social worker records;
33. Therapist's records;
34. Physical therapy reports;
35. Dental records;
36. Disclosure forms;
37. Statement of accounts, bills and invoices;
38. Correspondence with, from or regarding worker's compensation carriers, adjusters or the like;
39. All sign-in sheets for your office/clinic for each day any of the above individuals visited same (suitably redacted to protect the privacy of any and all persons not listed herein);
40. Test results;
41. Analysis of testing;
42. Raw data from any and all tests run;
43. Any and all documentation of certification, validation and/or testing for any piece of machinery or other testing equipment used;
44. Any other papers, electronic information, data, and materials of any kind which you considered or reviewed concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis, opinion, or other information pertaining to and concerning the physical or mental condition of any, some and/or all of the individuals named above; and
45. All photographs, slides, videotapes, or audiotapes of any, some and/or all of the individuals listed above.

# United States District Court
## MIDDLE DISTRICT OF LOUISIANA

ADA M. ANDERSON, ET AL.

V.

THE DOW CHEMICAL COMPANY

**SUBPOENA IN A CIVIL CASE**

Case No. 02-12-C-M1
United States District Court
Middle District of Louisiana

To: **C. B. Scrignar, M.D.**
**2625 General Pershing Street**
**New Orleans, LA 70115**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

## SEE ATTACHED SCHEDULES "A" AND "B"

| PLACE | DATE AND TIME |
|---|---|
| **2625 General Pershing Street** **New Orleans, LA 70115** | **April 29, 2005 at 1:30 p.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30 (b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for Defendant,_ The Dow Chemical Company | April 14, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**F. Charles Marionneaux, MARIONNEAUX & MARIONNEAUX, 23615 Railroad Avenue, Plaquemine, LA 70764**
**(225)687-6884**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

# EXHIBIT "A"

As used herein, "you" and "your" refer to Dr. C. B. Scrignar and C. B. Scrignar, M.D., APMC, individually and collectively.

As used herein, "Dow" refers to The Dow Chemical Company.

As used herein, "Evaluated Plaintiffs" refers to:

a.      Ms. Daphne A. Jefferson;
b.      Ms. Hilda Mae Jefferson;
c.      Mr. Herbert Jefferson, Jr.;
d.      Mrs. Julia B. Jackson;
e.      Mrs. Brenda A. Jefferson;
f.      Mr. Douglas Smith, Jr.;
g.      Mrs. Cheryle Stewart;
h.      Mr. Harold A. Stewart;
i.      Mr. Oluis Bynum;
j.      Mrs. Carol Bynum; and/or
k.      All other individuals who are plaintiffs or claimants in the litigation entitled "*Ada M. Anderson, et al. v. The Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana" and whom you have interviewed, examined, reviewed documentation regarding, and/or performed a psychological evaluation on.

As used herein, the term "documents" shall include the original, all non-identical copies, and all drafts of all recorded communications of any kind in the world whether on paper, videotape, audio tape, disc, in computer medium, by electronic mail, and/or any other storage medium, including but not limited to writings, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings, computer data, records, correspondence, memoranda, reports, studies, minutes, pamphlets, notes, telegrams, messages (including reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, records, data compilations, petitions, patents, advertisements and other data, compilations from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form. All attachments and/or enclosures to a document will be deemed to be part of such documents.

As used herein, "Litigation" refers to the matter entitled "*Ada M. Anderson, et al. v. The Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana."

1.  One copy each of each version of your most up-to-date *curriculum vitae*, including (without limitation), any *curriculum vitae* used in the context of or in connection with the following:

    1.  Academic pursuits;

    2.  Litigation-related matters;

    3.  Grant requests, grant proposals or grant-funded research;

    4.  Publishing peer-reviewed or other material; or

    5.  Other contexts not set forth above.

2.  One copy each of each version of the most up-to-date *curriculum vitae* of each individual within your organization or under your supervision who performed any work or gathered any information which you have reviewed or considered at any point during your evaluation(s) of the Evaluated Plaintiffs or any residents of and visitors to the Myrtle Grove Trailer Park in Plaquemine, Louisiana, including (without limitation) each *curriculum vitae* used in the context of or in connection with the following:

    1.  Academic pursuits;

    2.  Litigation-related matters;

    3.  Grant requests, grant proposals or grant-funded research;

    4.  Publishing peer-reviewed or other material; or

    5.  Other contexts not set forth above.

3.  All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information considered by you in forming any of the following:

1. the opinions, conclusions, and statements which are set forth in or referenced in your "Affidavit of Dr. C. B. Scrignar," dated January 20, 2005, in the matter entitled *Ada M. Anderson, et al., versus Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana, and all exhibits and other documents attached thereto (such affidavit, exhibits and other documents being collectively referred to as the "January 20, 2005 Affidavit," hereinafter);

b. the opinions, conclusions, and statements which are set forth in or referenced in your "Supplemental Affidavit of Dr. C. B. Scrignar," dated March 18, 2005, in the matter entitled *Ada M. Anderson, et al., versus Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana, and all exhibits and other documents attached thereto (such affidavit, exhibits and other documents being collectively referred to as the "March 18, 2005 Affidavit," hereinafter);

c. any or all of your initial, interim, transitory and/or final opinions, evaluation(s) and diagnoses relative to the Evaluated Plaintiffs; or

d. any or all of your initial, interim, transitory and/or final opinions, evaluation(s) and diagnoses relative to any individual and/or group of individuals who claim to have resided in or visited the Myrtle Grove Trailer Park at any time.

4. The initial and all subsequent drafts and iterations of the January 20, 2005 Affidavit and/or March 18, 2005 Affidavit leading up to the final version of each, including those drafts and iterations with handwritten or other notations on them.

5. The initial and all subsequent drafts and iterations of any and all other reports composed by you relative to your psychiatric or other evaluation(s) or the Evaluated Plaintiffs and/or the probability of residents and visitors at the Myrtle Grove Trailer Park in Plaquemine, Louisiana developing a mental disorder as a result of purported exposure to vinyl chloride in the drinking water, or any other issue(s) related to this litigation, including those drafts and iterations with handwritten or other notations on them.

6. All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials, and other information or materials provided to you, or collected, possessed or reviewed by you, and concerning or in any way related to any of the following:

    a.    Vinyl chloride, cis-DCE, and the health (physical and/or mental) effects associated with any exposure to same;

    b.    The cooking, clothes washing, dishwashing, cleaning and other household activities-related habits and practices of any resident of or visitor to Myrtle Grove Trailer Park, including without limitation, the Evaluated Plaintiffs, at any point in time;

    c.    The showering and bathing-related habits and practices of the Evaluated Plaintiffs at any point in time;

    d.    The showering and bathing-related habits and practices of each resident of and/or each visitor to Myrtle Grove Trailer Park, while at Myrtle Grove Trailer Park at any point in time;

    e.    The eating and drinking-related habits and practices of the Evaluated Plaintiffs at any point in time;

    f.    The eating and drinking-related habits and practices of each resident of and/or each visitor to Myrtle Grove Trailer Park, while at Myrtle Grove Trailer Park at any point in time;

    g.    The written media articles, television reports, radio reports and other media reports regarding vinyl chloride in drinking water viewed, heard, read or perceived by any of the Evaluated Plaintiffs;

    h.    The medical, environmental, socioeconomic, educational, psychological, mental, healthcare, toxic exposure, employment, and other histories of any and all residents of and visitors to Myrtle Grove Trailer Park, including without limitation the Evaluated Plaintiffs;

    i.    Any and all groundwater samples taken from the Plaquemine aquifer and any analytical results of such samples;

j.   Any and all air, wipe and other samples taken from inside any home or structure within Myrtle Grove Trailer Park after December 1, 1995;

k.   The exposure of the Evaluated Plaintiffs and/or residents of and/or visitors to Myrtle Grove Trailer Park to arsenic in drinking water;

l.   The contamination which allegedly forms the basis of the underlying litigation;

m.   Any exposure or injuries allegedly incurred or suffered by any plaintiff(s) or putative plaintiff(s) in the underlying litigation;

n.   Any actions or inactions by The Dow Chemical Company which allegedly resulted in contamination of the Plaquemine Aquifer; or

o.   Any actions or inactions by any other person or entity which may have resulted in contamination of the Plaquemine Aquifer.

7.   All written, electronic and other communications received by you from any attorney (or a representative of any attorney) or directed by you to any attorney (or such attorney's representative) and in any way related to this matter, the underlying litigation or your work in this matter, including, but in no way limited to, the following:

a.   The initial contact(s) by any attorney(s);

b.   All retention agreements, contracts and any document(s) setting forth any of the terms of your retention, including, without limitation, the compensation to be paid for your study, testimony, report, opinions or consultation in this matter;

c.   Your charge(s) and the scope of your work;

d.   All issues you were directed to consider and/or render an opinion on;

e.   All communications accompanying data, documents, charts, pictures, videos, computer animations, treatise materials or other information or materials, delivered, forwarded or otherwise transmitted to you or any other expert or consultant in this matter;

f.   All comments, suggested revisions, questions and other communications related to drafts of any report(s), language within such report(s), or material considered for inclusion in any report(s);

g.   All payment agreements and arrangements;

h.   All communications relative to payments for services;

i.   All statements and bills for services, expenses and other costs and charges, listing the services thus far rendered by you in connection with these matters, the time spent on same, and/or the compensation due or to be paid for same; or

j.   All evidence of payment(s) for services rendered, expenses incurred or anything else, including, without limitation, payments to you of $1,800.00 for each psychiatric evaluation of an Evaluated Plaintiff herein.

8.   All of your notes and other memorializations of verbal or other statements or directions received from any attorney, expert, consultant or other person regarding this litigation or your work related thereto, including, without limitation, such statements or directions comprised of or related to the following:

a.   Comments or suggested revisions relative to your draft or final report(s);

b.   Your scope of work relative to this litigation;

c.   The subject matter of your opinions in this litigation; or

d.   Any other issue related to this litigation.

9.   Any and all written, electronic and other communications evidencing or memorializing your request(s) for direction, input, revisions, payment or other information, depositions, documents or other data in this matter.

10. Any and all outlines of your draft and final report(s) in this matter, including, without limitation, the January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

11. All drafts of reports prepared by other experts or consultants related to this matter.

12. All final reports prepared by other experts or other consultants related to this matter.

13. All documents containing or setting forth your comment(s) and/or suggestions regarding any draft and/or final reports prepared by other experts or consultants in this matter.

14. A copy of the rules, regulations, procedures or protocols which you are required to abide by or act in conformity with when conducting any psychiatric evaluation(s) in a forensic setting or context.

15. A copy of the rules, regulations, procedures or protocols which you are required to abide by or act in conformity with when conducting any psychiatric evaluation(s) in a non-forensic setting or context.

16. All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information and materials forming the basis for each assumption set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or upon which your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit is based.

17. All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information and materials forming the basis for each purported factual statement set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit, or upon which your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit is based.

18. All abstracts, overheads, transparencies, outlines, notes, drawings, drafts of articles, bibliographies, findings or conclusions composed by you or others under your direction and related to the opinions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

19. All raw data, databases, test results, findings, summaries of findings, conclusions, compilations, statistical analyses of data, tables, summaries, and other compilations of data relating to the opinions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

20. All photographs, video tapes or recordings, audio tapes or recordings, and slides taken or made by you or anyone else during any site visit(s) to Myrtle Grove Trailer Park, any trailer which was previously located at the Myrtle Grove Trailer Park, the Dow Plaquemine facility, and any other locations you visited or considered with regard to your opinions or assumptions in this matter.

21. A record of all fees billed, hours expended and payments made relative to any work you have performed relative to the opinions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit .

22. All data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information collected from any field investigation(s) relative to the opinions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

23. A list of every civil and criminal proceeding or mediation in which you have testified (whether by deposition or in any trial or hearing) in the last four years, providing with respect to each such proceeding the name of the court, the title or caption of the proceeding, and the docket number or proceeding number assigned to it.

24. Copies of all affidavits, discovery and perpetuation depositions and hearing and/or trial transcripts reflecting any sworn statement or testimony you have given in the past four years.

25. All other information, data and material of any type which relates, directly or indirectly, to the underlying litigation, the alleged contamination related to said litigation, your consideration, opinions or conclusions regarding same, the opinions and conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

26. All documents listed in Section VI of your January 20, 2005 Affidavit.

27. Any documents which are not listed in Section VI of your January 20, 2005 Affidavit but were used in forming the opinions set forth in the January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

28. Any and all data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information considered by you in connection with the underlying litigation, the opinions and conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or, any other issue(s) related to this litigation, and which **do not support** any or all of your opinions, calculations, results or calculations or conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

29. Any and all data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information considered by you in connection with the underlying litigation, the opinions and conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or any other issue(s) related to this litigation, and which **do not support** any or all of the assumptions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or upon which that report is based.

30. Any and all data, documents, charts, photographs, maps, pictures, videos, computer animations, treatise materials and other information considered by you in connection with the underlying litigation, the opinions and conclusions set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or any other issue(s) related to this litigation, and which **do not support** any or all of the purported factual statements set forth in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit or upon which that report is based.

31. Any and all peer reviewed scientific studies or other documentation or information purportedly supporting your statement or supposition (as found in your January 20, 2005 Affidavit) that the water which the evaluated plaintiffs allegedly used or consumed "poses a realistic threat to life or limb."

32. Any and all peer reviewed scientific studies or other documents or information which you purport supports the assumption or statement that any physical injury or illness allegedly affecting any of the evaluated plaintiffs was caused by vinyl chloride in the water from or at the Myrtle Grove Trailer Park.

33. Any and all peer reviewed scientific studies or other documents or information which you purport supports the assumption or statement that any physical injury or illness allegedly affecting any of the evaluated plaintiffs can be caused by vinyl chloride in the water from or at the Myrtle Grove Trailer Park.

34. All of the "materials from other sources that were made available to me" referenced in Paragraph 13 of your March 18, 2005 Affidavit.

35. Any and all documentation of "each individual's personal reaction to the toxic substance event" as referenced in Paragraph 13 of your March 18, 2005 Affidavit.

36. Any and all documentation of the ratings given by any of the Evaluated Patients utilizing the Subjective Unit Discomfort Scale, as referenced in your March 18, 2005 affidavit.

37. Any and all documentation of the Symptom Inventory Checklist filled out or given by any of the Evaluated Patients, as referenced in Section 8 of your March 18, 2005 Affidavit.

38. Any and all documentation of the Zung Self-Rating Depressive Scale filled out or given by any of the Evaluated Patients, as referenced in Section 8 of your March 18, 2005 Affidavit.

39. All medical records you have reviewed relative to any of the Evaluated Plaintiffs.

40. All "toxicology reports and other reports of the actual toxic emissions" which you have reviewed, as referenced in Paragraph 15 of your March 18, 2005 Affidavit.

41. All documentation of information you have relative to the "dissemination of information regarding the dangerousness of the chemicals that were released," as stated in Section 15 of your March 18, 2005 Affidavit, relative to any or all of the Evaluated Patients.

42. All documentation and information you have relative to any Evaluated Plaintiffs "observing self or others who complained of physical symptoms

attributed to the toxic exposure," as set forth in Section 15 of your March 18, 2005 Affidavit.

43.   All documentation of information you have relative to the "worry (anxiety) about the possible or probable consequences as a result of the exposure to the toxic substances including developing cancer or some unknown disease later in life or having a shortened life" relative to any or all of the Evaluated Patients, as set forth in Section 15 of your March 18, 2005 Affidavit.

44.   Any and all documentation upon which you based the statement, set forth in Paragraph 15 of your March 18, 2005 Affidavit, that the presence of physical illness has been "verified by medical authorities" relative to any of the evaluated plaintiffs.

45.   Any and all peer-reviewed or other documents and literature reflecting, referencing or identifying any adverse health effects on humans purportedly occurring or resulting from vinyl chloride exposure at the levels experienced by any of the Evaluated Plaintiffs.

46.   All written, electronic and other communications received by you from Nachman Brautbar, M.D., or directed by you to Nachman Brautbar, M.D., either directly or indirectly, and in any way related to this matter, the underlying litigation, your evaluation(s) or calculation(s) of cancer, non-cancer, and/or other alleged health risks from purported vinyl chloride exposure in residents and visitors at the Myrtle Grove Trailer Park in Plaquemine, Louisiana, or his work in this matter, or any other issue(s) related to this litigation.

47.   Any and all documents evidencing the context of and support or basis for any or all of the quotations contained in your January 20, 2005 Affidavit and/or March 18, 2005 Affidavit.

## **EXHIBIT B**

All of the records in your possession or within your control, without any limitation as to dates, concerning any of the following individuals:

1.      Ms. Daphne A. Jefferson;

2.      Ms. Hilda Mae Jefferson;

3.      Mr. Herbert Jefferson, Jr.;

4.      Mrs. Julia B. Jackson;

5.      Mrs. Brenda A. Jefferson;

6.      Mr. Douglas Smith, Jr.;

7.      Mrs. Cheryle Stewart;

8.      Mr. Harold A. Stewart;

9.      Mr. Oluis Bynum;

10.     Mrs. Carol Bynum;

11.     All other individuals who are plaintiffs or claimants in the litigation entitled "*Ada M. Anderson, et al. v. The Dow Chemical Company*, No. 02-12-C-M1, United States District Court, Middle District of Louisiana" and whom you have interviewed, examined, reviewed documentation regarding, and/or performed a psychological evaluation on;

12.     Any person listed on Table 1 within the January 9, 2005 Report of Kenneth M. Rudo, Ph.D.;

13.     Any person claiming to have been a resident of or visitor to Myrtle Grove Trailer Park at any time from December 1, 1995 through March 31, 2001, and/or at any other time(s); and/or

14.     Any plaintiff or claimant in litigation involving alleged water contamination at Myrtle Grove Trailer Park.

The items requested include all documents and things in existence, including, but not limited to the following:

a.      The original entire medical chart, file and record;
b.      Medical records, physicians' records and/or surgeons' records, regardless whether such records were prepared by more than one doctor or staff member or were received by you from some other healthcare provider, hospital, institution, or any other person or entity;
c.      Databases;
d.      Compilations;
e.      Draft and final articles, notes, etc., written in which any of these patients or the purported Myrtle Grove Trailer Park water contamination is mentioned or referenced;
f.      Case summaries;
g.      Drawings;
h.      X-rays, CAT scans, PET scans, MRI films, photographs and any other radiological, nuclear medicine or radiation therapy films, and all reports regarding same;
i.      Pathology materials;
j.      Slides;
k.      Tissues;
l.      Laboratory reports;
m.      Discharge summaries;
n.      Progress notes, including both handwritten and typed;
o.      Consultations;
p.      Prescriptions and notes or records of same;
q.      Reports;
r.      Records of drug abuse and/or alcohol abuse;
s.      Records of AIDS diagnosis or treatment;
t.      All telephone messages and notes from telephone conversations;
u.      Correspondence received from, directed to or regarding such individual(s), regardless whether such records were prepared by more than one doctor or staff

member or were received by you from some other healthcare provider, hospital, institution, or any other person or entity;

v. Physicals;

w. Histories;

x. Family histories;

y. Nurse's notes;

z. Therapist's notes;

aa. Patient intake forms;

bb. Patient survey forms or evaluations;

cc. Patient statement of complaints or physical condition;

dd. Insurance records;

ee. Consent for treatment;

ff. Psychiatric, psychological or social worker records;

gg. Therapist's records;

hh. Physical therapy reports;

ii. Dental records;

jj. Disclosure forms;

kk. Statement of accounts, bills and invoices;

ll. Correspondence with, from or regarding worker's compensation carriers, adjusters or the like;

mm. All sign-in sheets for your office/clinic for each day any of the above individuals visited same (suitably redacted to protect the privacy of any and all persons not listed herein);

nn. Test results;

oo. Analysis of testing;

pp. Raw data from any and all tests run;

qq. Any and all documentation of certification, validation and/or testing for any piece of machinery or other testing equipment used;

rr. Any other papers, electronic information, data, and materials of any kind which you considered or reviewed concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis, opinion, or other information pertaining to and concerning the physical or mental condition of any, some and/or all of the individuals named above; and

ss. All photographs, slides, videotapes, or audiotapes of any, some and/or all of the individuals listed above.